**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICKEY WHITE,

    Petitioner - Appellant,

v.

JIM FARRIS,

    Respondent - Appellee.

No. 21-7060
(D.C. No. 6:21-CV-00281-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **EID** and **CARSON**, Circuit Judges.
_____

Rickey White, a pro se Oklahoma inmate, seeks a certificate of appealability

(COA) to challenge the dismissal of his 28 U.S.C. § 2254 petition as an unauthorized

second or successive habeas petition.  We deny a COA and dismiss this matter.

Mr. White is currently serving a life sentence for first-degree murder.  In 1985, the

Oklahoma Court of Criminal Appeals affirmed his conviction and sentence.  *See White v.*

*State*, 702 P.2d 1058, 1063 (Okla. Crim. App. 1985).  In 2003, the district court denied

federal habeas relief on statute-of-limitations grounds, and we denied a COA.  Since then,

_____

   * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. White has filed numerous habeas petitions and motions for authorization to file second or successive habeas petitions, all of which have been denied.

In September 2021, Mr. White filed the underlying § 2254 petition in this case, which primarily raised jurisdictional challenges to his conviction based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The district court dismissed the petition as an unauthorized second or successive § 2254 habeas petition. The court also denied a COA. He now seeks to appeal from that dismissal.[1]

Mr. White must obtain a COA before he can appeal the district court's dismissal. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). He has not met this burden.

An inmate may not file a second or successive § 2254 petition without first obtaining an order from this court authorizing the district court to consider his petition. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. White did

---

[1] On the same day that he filed his request for COA in this court, Mr. White also separately moved this court for authorization to file a second or successive § 2254 petition to bring his *McGirt* claim. We denied his request. *See In re White*, No. 21-7062 (10th Cir. Dec. 13, 2021).

not first obtain authorization to file his successive § 2254 petition, the district court's

dismissal for lack of jurisdiction is not reasonably debatable.  We therefore deny

Mr. White's application for a COA and dismiss this matter.  We grant his motion for

leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk